HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES CENSUS BUREAU, et al.,<br><br>        Defendants. | CASE NO. C13-1105RAJ<br><br>ORDER ON MOTION TO DISMISS & ORDER TO SHOW CAUSE |

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss. No one has requested oral argument and the court finds oral argument unnecessary. For the reasons stated below, the court neither grants nor denies the motion, except to the extent it rules that many of the arguments Defendants raised are inapplicable to this case. Instead the court orders Plaintiff Olivia Mora to show cause why the court should not grant summary judgment to Defendants on the grounds that her case is untimely. Ms. Mora's response to the order to show cause is due no later than May 22, 2014. The clerk shall TERMINATE Defendants' motion to dismiss (Dkt. # 12) and create a motion calendar for May 22, 2014 to address this order to show cause.

## II.  BACKGROUND & ANALYSIS

In her complaint, Ms. Olivia Mora contends that the Defendants failed to accommodate her disability when she took an exam in March 2009 for employment at the

ORDER – 1

United States Census Bureau.  She contends that she explained to Census Bureau officials in advance of the exam that she needed accommodations to take the exam.  She asserts that the Census Bureau agreed to provide her with a certified proctor to administer the exam to her, and assured her that a proctor would be present for the March 2009 test.  She also asserts that because she had a "Schedule A letter," she should not have been required to take the exam.  She made several calls in February 2009 to Benjamin Mohammed, a Census Bureau employee, to attempt to discuss the Schedule A letter.  Mr. Mohammed did not return her calls.

When she arrived for the March 2009 test, she discovered that Census Bureau employee Martha Hills was the person administering it.  There was no certified proctor available.  Although Ms. Hills administered the test to Ms. Mora with some accommodations (*e.g.*, she gave the exam after others had completed it, and read the test to Ms. Mora), Ms. Mora failed the exam.  Ms. Mora contends that the Census Bureau did not hire her as a result.  She claims that she tried to schedule another exam, but that the Census Bureau did not permit her to do so.

Ms. Mora thus states a straightforward claim for disability discrimination.  She did so, however, without the assistance of an attorney.  Perhaps for that reason, she did not cite the federal law under which she was seeking relief.  In addition, she used a form for her complaint entitled "Civil Rights Complaint Under 42 U.S.C. § 1983" even though there is no other indication that she intended to bring a § 1983 claim.  Her complaint named the Census Bureau, Mr. Mohamed, and Ms. Hills as Defendants.

She filed her complaint in June 2013.  About half a year earlier, in December 2012, she had filed essentially the same complaint, making the same allegations against Mr. Mohamed and Ms. Hills.  She voluntarily dismissed that case in October 2013.  *See Mora v. Barnhart*, No. 12-2215JLR.

Defendants have filed a motion to dismiss raising two arguments, both of which misconstrue Ms. Mora's complaint.  First, they contend that Ms. Mora failed to state a

ORDER – 2

claim for a violation of her constitutional rights (invoking either § 1983 or a so-called *Bivens* suit for a constitutional violation by a federal agent), and that she could not sue agents or agencies of the United States for such claims in any event.  The court ignores that portion of Defendants' motion.  Ms. Mora did not attempt to state a constitutional claim or any other § 1983 claim.[1]  She simply used a form intended for § 1983 suits to bring a claim of disability discrimination.

Defendants also argued that Ms. Mora's nonexistent constitutional claims were untimely, citing the three-year statute of limitations that applies to § 1983 and *Bivens* actions.  That argument, along with the state-law tolling arguments Defendants incorporated therein, is irrelevant for the reasons that the court has already stated.

Although the court finds Defendants' primary arguments irrelevant, it now considers whether Ms. Mora's complaint is timely under the statute of limitations that applies to a claim against a federal employer for disability discrimination.  Defendants made a cursory mention of that statute of limitations in their motion to dismiss.

Disability discrimination claims against the federal government arise under Section 501 of the Rehabilitation Act of 1974.  29 U.S.C. § 791.  Ms. Mora mentioned the Americans with Disabilities Act ("ADA") in her opposition to the motion to dismiss, but the ADA does not apply to the federal government.  *See* 42 U.S.C. § 12111(5)(B)(i) (declaring that the federal government is not an "employer" for purposes of the ADA); *Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir. 1996) (noting that § 501 incorporates ADA standards); *Johnston v. Horne*, 875 F.2d 1415, 1420-21 (9th Cir. 1989) (concluding that § 504 of Rehabilitation Act provides no cause of action against a federal employer).

The court now considers whether Ms. Mora has a viable Rehabilitation Act claim.  Because the court considers that claim on a motion to dismiss via Federal Rule of Civil

---

[1] In response to Defendants' motion to dismiss, Ms. Mora pointed to the Thirteenth and Fourteenth Amendments to the United States Constitution.  She states no claim under either Amendment, and the court doubts that she would even have mentioned them but for the Defendants' discussion of her purported constitutional claims.

ORDER – 3

Procedure 12(b)(6), the court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A Rule 12(b)(6) motion may also serve as a vehicle for asserting an affirmative defense. When an affirmative defense "is obvious on the face of a complaint," a defendant can assert that defense in a Rule 12(b)(6) motion. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

Defendants have no statute of limitations defense that is obvious from the face of Ms. Mora's complaint. Defendants point instead to 29 C.F.R. § 1614.407(a), which requires a person who has filed an administrative complaint arising under the Rehabilitation Act to sue in a United States district court within 90 days of receiving the final action on that administrative complaint. An applicant for employment at a covered federal agency must follow administrative procedures to pursue a Rehabilitation Act claim. *See* 29 C.F.R. § 1614.103(a)-(c); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 412-13 (9th Cir. 1985). The first step in those procedures is consultation with an Equal Employment Opportunity Commission ("EEOC") counselor, which must occur

ORDER – 4

within 45 days of the challenged action. 29 U.S.C. § 1614.105(a). Only after that consultation may a complainant file a discrimination complaint, and she must do so within 15 days of receiving a notice from the counselor. 29 U.S.C. § 1614.106(b).

Ms. Mora's complaint is wholly silent as to what steps, if any, she took to exhaust her administrative remedies. Defendants rely on a document they put into the record, a November 30, 2010 decision from the EEOC. Gugin Decl. (Dkt. # 13). In that decision, the EEOC ruled that Ms. Mora did not contact an EEOC counselor until February 2010, which was well after 45 days had passed from Defendants' allegedly discriminatory conduct. The EEOC also concluded that Ms. Mora had "provide[d] no adequate justification to warrant an extension of the applicable time limit for contacting an EEO Counselor." For that reason, the EEOC upheld the Census Bureau's dismissal of Ms. Mora's complaint. The EEOC decision also notified Ms. Mora that she had 90 days to file a civil action in the appropriate district court.

Defendants cite no authority that would permit the court to consider the EEOC's November 2010 decision on a Rule 12(b)(6) motion to dismiss. They do not suggest that the EEOC's decision is a document subject to judicial notice. They do not suggest that Ms. Mora's complaint incorporates the EEOC's decision by reference. They neither offer argument nor legal authority for the proposition that a court may properly consider a so-called "right-to-sue" letter on a motion to dismiss. The court is aware of no authority squarely addressing this issue. It notes, however, that in the context of a suit subject to the Prison Litigation Reform Act, the Ninth Circuit has recently ruled that a defendant can move to dismiss via Rule 12(b)(6) for failure to exhaust administrative remedies only "where a failure to exhaust is clear from the face of the complaint . . . ." *Albino v. Baca*, No. 10-55702, 2014 U.S. App. LEXIS 6153, at *14 (9th Cir. Apr. 3, 2014) (en banc). A defendant seeking to prevail on an exhaustion defense without trial must file a motion for summary judgment. *Id.* at *18.

ORDER – 5

The court does not decide today whether a defendant in an employment discrimination case may introduce into the record on a Rule 12(b)(6) motion to dismiss a right-to-sue letter that is not incorporated into the plaintiff's complaint. No party has presented argument that would permit the court to decide that question.

Instead, the court exercises its authority via Rule 56(f) to order Ms. Mora to show cause why the court should not grant summary judgment that her suit is untimely. There is no indication that Ms. Mora disputes the authenticity of the November 2010 EEOC decision that Defendants submitted. There is no indication that Ms. Mora disputes that she waited until long after 90 days had passed to file this lawsuit. And although Ms. Mora suggests that her disability had some role in her delay in filing suit, she does not suggest grounds that would allow the court to excuse her failure to file suit until more than two and a half years had passed after the November 2010 EEOC decision. Even if the court were to consider the suit that Ms. Mora voluntarily dismissed in October 2013, she did not file that suit for more than two years after she received the November 2010 decision.

The court accordingly orders Ms. Mora to submit evidence or argument showing that there is a genuine issue of material fact that would preclude the court from granting summary judgment that her suit is untimely for failure to sue within 90 days of the EEOC's November 2010 decision. She shall show cause in the form of a written statement, including declarations or other evidence if appropriate, no later than May 22, 2014. Defendants need not respond to the statement unless the court orders a response. If Ms. Mora does not respond by May 22, the court will enter summary judgment for Defendants based on the current record.

### III.  CONCLUSION

For the reasons previously stated, the clerk shall TERMINATE Defendants' motion to dismiss. Dkt. # 12. As stated above, the court orders Ms. Mora to show cause why the court should not grant summary judgment in favor of Defendants. She shall

ORDER – 6

respond to this order no later than May 22, 2014, and the clerk shall create a motion calendar for the same date to address that response.

DATED this 22nd day of April, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7